MARK R. CONRAD (CA Bar No. 255667)
WILLIAM J. COOPER (CA Bar No. 304524)
MADISON BOWER (CA Bar No. 342786)
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Tel:    (415) 343-7100
Fax:    (415) 343-7101
Email: mconrad@conmetkane.com
Email: wcooper@conmetkane.com
Email: mbower@conmetkane.com

NIHAL SHRINATH (CA Bar No. 327921)
**SIERRA CLUB ENVIRONMENTAL LAW PROGRAM**
2101 Webster Street, Suite 1300
Oakland, CA 94612
Telephone: (415) 977-5765
Fax: (510) 208-3140
Email: nihal.shrinath@sierraclub.org

Attorneys for Plaintiff Sierra Club

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SIERRA CLUB,<br><br>　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR,<br><br>　　　Defendant. | CASE NO. 4:25-cv-05375<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff Sierra Club, through its undersigned counsel, alleges as follows:

### INTRODUCTION

1.      Defendant U.S. Department of Interior ("DOI") violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by failing to respond to a lawful request by Sierra Club. In violation of the law, DOI has failed to indicate whether responsive documents exist and whether and when the agency will release them.

2.      Sierra Club, the nation's oldest grassroots environmental organization and a strong supporter of clean energy sources, sought to further its long-standing interest in governmental transparency by filing a FOIA request with DOI on March 7, 2025, for documents showing communications between DOI officials and external parties.

3.      The law required DOI to make determinations on Sierra Club's request by April 4, 2025, and to produce responsive documents shortly thereafter. DOI ignored its statutory deadlines and still has not made determinations on Sierra Club's request nor produced the documents required by FOIA. In fact, DOI has not even provided an estimated date of completion. This all violates the law.

4.      This case exemplifies the importance of the government accountability FOIA was meant to ensure. In the first few months of DOI Secretary Doug Burgum's tenure, the agency has fast-tracked harmful and controversial mining projects; has removed environmental protections to expand offshore drilling; and has set its eyes on shrinking protected public lands to maximize resource extraction. As DOI makes decision after decision favoring corporate interests over the long-term health of our natural resources, it is critical that the public know how those decisions are being made.

5.      Sierra Club brings this lawsuit to enforce FOIA's statutory mandate of transparency. It respectfully requests that the Court order DOI to produce the requested external communications.

### JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

6.      This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7.      Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) because Sierra Club has its principal place of business in Oakland, California.

8.      For the same reason, intradistrict assignment is proper in the Oakland Division. *See* N.D. Cal. L.R. 3-2.

## PARTIES

9.      Plaintiff Sierra Club is incorporated in the State of California as a Nonprofit Public Benefit Corporation with headquarters in Oakland, California. Founded in 1892, Sierra Club is the nation's oldest environmental grassroots organization and has more than 618,000 members. Sierra Club is dedicated to protecting and preserving the natural and human environment. Its purposes are to explore, enjoy, and protect the wild places of the earth; to practice and promote the responsible use of the earth's ecosystems and resources; and to educate and enlist humanity to protect and restore the quality of the natural and human environments. Sierra Club is a leading non-governmental organization seeking to educate and mobilize the public on issues related to our public lands. In support of those efforts and to further its longstanding interest in government accountability and transparency, Sierra Club submitted to DOI the FOIA request at issue here.

10.     Sierra Club routinely uses FOIA requests to obtain information from federal agencies, which Sierra Club's legal and policy experts analyze to inform their members and the public about environmental and public health issues. Sierra Club conveys important information to its members and the public through publications, press releases, and by releasing information and documents obtained through FOIA requests.

11.     Sierra Club brings this action on its own behalf and on behalf of its members. Sierra Club and its members have been and continue to be injured by DOI's failure to provide requested records within the time frames mandated by the FOIA. The requested relief will redress these injuries.

12.     Defendant DOI is an agency of the executive branch of the United States government within the meaning of 5 U.S.C. § 551(1). It has in its possession and control the records sought by Sierra Club and is therefore subject to FOIA under 5 U.S.C. § 552(f).

## STATUTORY FRAMEWORK

13.     Congress enacted the Freedom of Information Act to protect citizens' "right to be informed about what their government is up to." *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*,

489 U.S. 749, 773 (1989) (citation modified). FOIA "create[s] a judicially enforceable public right to secure such information from possibly unwilling official hands." *EPA v. Mink*, 410 U.S. 73, 80 (1973).

14.     To this end, FOIA requires that federal agencies promptly release documents and records in their possession upon request by a member of the public, unless a statutory exemption applies. *See generally* 5 U.S.C. § 552(a)–(b).

15.     Within 20 business days of an agency's receipt of a FOIA request, the agency must "determine . . . whether to comply" with the request. § 552(a)(6)(A)(i). The agency must "immediately notify" the requester of its "determination and the reasons therefor." *Id.* This determination may be delayed in limited ways and only under "unusual circumstances." § 552(a)(6)(B). FOIA also requires agencies to provide status updates to requestors, including "an estimated date on which the agency will complete action on the request." § 552(a)(7)(B)(ii).

16.     If an agency determines that it will comply with the request, it must "promptly" release responsive, non-exempt records to the requester. § 552(a)(6)(C)(i). FOIA requires each agency to make reasonable efforts to maintain and search for documents in a manner calculated to locate responsive records. § 552(a)(3)(B)–(D).

17.     FOIA only allows records to be withheld if they fall under specific statutory exemptions. *See* § 552(b)(1)–(9). There is a "strong presumption in favor of disclosure." *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 973 (9th Cir. 2009). Therefore, the exemptions are narrowly construed, and the agency bears the burden of establishing an exemption's applicability to each record for which it is claimed. *See Milner v. Dep't of Navy*, 562 U.S. 562, 565 (2011). If any part of the exempt record is "reasonably segregable," then the portion of the record that does not fall under such an exemption must be provided with the exempt information deleted, and "[t]he amount of information deleted, and the exemption under which the deletion is made, shall be indicated on the released portion of the record." § 552(b).

18.     If the agency fails to comply with the statutory time limits, the requester is deemed to have exhausted its administrative remedies. § 552(a)(6)(C)(i). A district court may "enjoin the agency from withholding agency records" and "order the production of any agency records improperly withheld." § 552(a)(4)(B).

19.    FOIA also permits courts to "assess . . . reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." § 552(a)(4)(E)(i).

## STATEMENT OF FACTS

### A.    Industry Influence at the Department of the Interior

20.    Events of recent months have created increasing public concern that DOI is elevating the interests of private industry above its lawful mission of protecting public lands. In just the first few months of this Administration, Secretary Burgum and his staff have, among other things, (i) opened vulnerable coastlines to offshore drilling; (ii) fast-tracked the approval of uranium mining in Utah, without analyzing the impact it will have on people or the environment; (iii) approved the expansion of a Montana coal mine embroiled in allegations of bribery, drug trafficking, and other criminality; and (iv) refused to provide details about its plans to shrink at least six national monuments.

21.    DOI's leadership team has well-documented links to private industry. For instance, when he was governor of North Dakota, Secretary Burgum profited from leases of family lands to oil companies and co-hosted a dinner at the Governor's Residence with the North Dakota Petroleum Council. Scott Cameron, the Acting Assistant Secretary for Water and Science, spent several years as a lobbyist for fossil-fuel interests. And Department of Governmental Efficiency ("DOGE") Liaison Tyler Hassen was an executive at Basin Holdings, a company involved in the manufacture, sale, and servicing of oil rigs prior to his government position.

### B.    Sierra Club's Request for DOI External Communications

22.    Motivated by concern that DOI decision-making is unduly influenced by industry representatives acting in their own interests rather than in the best interests of the public, Sierra Club—a strong supporter of public lands and the transition from fossil fuels to clean energy—submitted a FOIA request to DOI on March 7, 2025 (*see* Exhibit A). The request sought the following records from a defined set of DOI Personnel and for the period starting January 20, 2025:

a.    All email communications between the DOI Personnel and any email account ending in a specified set of domain names listed in an attachment;

b.  All text messages or messages on messaging platforms (such as Signal, Slack, GChat or Google Hangouts, Lync, Skype, X (formerly Twitter) direct messages, Facebook messages, WhatsApp, Telegram, or Parler) between the DOI Personnel and any representatives of a specified set of entities;

c.  All calendars, whether electronic or in paper format, of the DOI Personnel for the above listed time period; and

d.  All emails, texts, or other forms of communication that have been deleted which fit the above specifications and which remain recoverable in any way.

23.    The DOI Personnel covered by the March 7 request are Doug Burgum, Secretary of the Interior, and all persons serving in the role(s) of the Secretary's Scheduler, Advance, Aide, or Administrative Assistant; Scott Cameron, Acting Assistant Secretary—Water and Science; Charlie Dankert, Acting Assistant Secretary—Policy, Management, and Budget; Cara Lee Macdonald, Acting Assistant Secretary—Land and Minerals Management; and Tyler Hassen, DOGE Liaison.

24.    Sierra Club submitted the March 7 request as part of its ongoing national effort to protect our public lands and promote the transition from fossil fuels to clean energy sources.

25.    DOI provided an initial acknowledgement of Sierra Club's March 7 request on March 12 (*see* Exhibit B), and assigned the request the tracking number 2025-004517.[1] This acknowledgement letter also stated that DOI was taking a 10-workday extension under 43 C.F.R. § 2.19. Even with such an extension, DOI was statutorily required to make a final determination on or about April 18, 2025, and to produce documents responsive to the request immediately thereafter. To the extent that DOI's estimation of time it would take to process the request met the requirements of § 552(a)(6)(B) in establishing an alternative schedule, DOI was required to make a final determination on or about June 2, 2025, which was 60 workdays after Plaintiff's request.

26.    DOI has yet to provide any formal determinations on to the March 7 request, produce any responsive documents for any of the DOI Personnel, or provide an estimated date of completion. On

---

1.    On March 13, 2025, Sierra Club submitted requests for the same types of communications to the Bureau of Ocean Management and the Acting Assistant Secretary—Indian Affairs because those internal divisions at DOI had different FOIA officers. Those requests are not part of this Complaint.

information and belief, DOI has not conducted a reasonable search for responsive records as required by law and/or is withholding responsive records subject to disclosure.

27.    DOI's failures to make a final determination on Sierra Club's request, to search for and produce responsive documents, and provide an estimated date of completion, are each unlawful under FOIA.

28.    DOI's recent activities are of significant public interest and concern, making timely disclosure imperative for the public's understanding of how its government is making major decisions about the nation's public lands and natural resources.

## FIRST CAUSE OF ACTION

### Violation of FOIA, 5 U.S.C. § 552(a)(6)(A)–(B): Failure to Make Formal Determinations

29.    Plaintiff re-alleges and incorporates by reference all the foregoing paragraphs in this Complaint as though fully set forth herein.

30.    Upon its records request to DOI dated March 7, 2025, Sierra Club became statutorily entitled under FOIA to receive a final determination upon Sierra Club's request on or about April 4, 2025. 5 U.S.C. § 552(a)(6)(A), or by April 18, 2025 with the agency's stated ten-workday extension.

31.    At the time of filing, DOI has failed to provide Sierra Club with a final determination on Sierra Club's request, and is thus in violation of FOIA's mandate to provide a final determination within the timeframe required by the statute. *See* 5 U.S.C. § 552(a)(3)(A), (a)(6)(A)(i), (a)(6)(B).

32.    Sierra Club has exhausted its administrative remedies. *See* § 552(a)(4)(B), (a)(6)(C)(i).

33.    Sierra Club is entitled to obtain the requested records immediately at no cost.

34.    DOI's ongoing failure to respond to Sierra Club's request is irreparably harming Sierra Club and the public interest and will continue to do so unless DOI is compelled to comply fully with FOIA.

## SECOND CAUSE OF ACTION

### Violation of FOIA, 5 U.S.C. § 552(a)(3)(C)–(D): Failure to Conduct an Adequate Search

35.    Plaintiff re-alleges and incorporates by reference all the foregoing paragraphs in this Complaint as though fully set forth herein.

36.     Upon its records request to DOI dated March 7, 2025, Sierra Club became statutorily entitled under FOIA for DOI to make reasonable efforts to search for records in a manner reasonably calculated to locate records that are responsive to the FOIA request. 5 U.S.C. § 552(a)(3)(C)–(D).

37.     On information and belief, DOI has failed to conduct a reasonable search for responsive documents and is thus in violation of FOIA.

38.     Sierra Club has exhausted its administrative remedies. *See* § 552(a)(4)(B), (a)(6)(C)(i).

39.     Sierra Club is entitled to obtain the requested records immediately at no cost.

40.     DOI's ongoing failure to conduct an adequate search for responsive documents is irreparably harming Sierra Club and the public interest and will continue to do so unless DOI is compelled to comply fully with FOIA.

## THIRD CAUSE OF ACTION

**Violation of FOIA, 5 U.S.C. § 552(a)(3)(A): Failure to Provide Responsive Documents**

41.     Plaintiff re-alleges and incorporates by reference all the foregoing paragraphs in this Complaint as though fully set forth herein.

42.     Upon its records request to DOI dated March 7, 2025, Sierra Club became statutorily entitled under FOIA to receive from DOI all records responsive to its request not specifically exempted by FOIA.

43.     To date, DOI has failed to produce to Sierra Club any documents responsive to Sierra Club's request, or to justify any exemptions for any records it has withheld, and is thus in violation of FOIA.

44.     Sierra Club has exhausted its administrative remedies. *See* § 552(a)(4)(B), (a)(6)(C)(i).

45.     Sierra Club is entitled to obtain the requested records immediately at no cost.

46.     DOI's ongoing failure to respond to Sierra Club's request, or even to provide an estimated time of completion, is irreparably harming Sierra Club and the public interest and will continue to do so unless DOI is compelled to comply fully with FOIA.

**FOURTH CAUSE OF ACTION**

**Violation of FOIA, 5 U.S.C. § 552(a)(7)(B): Failure to Provide Estimated Date of Completion**

47.    Plaintiff re-alleges and incorporates by reference all the foregoing paragraphs in this Complaint as though fully set forth herein.

48.    Sierra Club has a statutory right to have DOI process requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

49.    FOIA requires than an agency provide an estimated date by which it will complete action on the FOIA request. 5 U.S.C. § 552(a)(7)(B). DOI has failed to do so, and is thus in violation of FOIA.

50.    Sierra Club has exhausted its administrative remedies. *See* § 552(a)(4)(B), (a)(6)(C)(i).

51.    Sierra Club is entitled to obtain the requested records immediately at no cost.

52.    DOI's ongoing failure to provide an estimated time of completion is irreparably harming Sierra Club and the public interest and will continue to do so unless DOI is compelled to comply fully with FOIA.

**PRAYER FOR RELIEF**

WHEREFORE, Sierra Club respectfully requests that this Court enter judgment against DOI as follows:

1.    Declaring that DOI has violated FOIA by failing to make a final determination upon Sierra Club's FOIA request, by failing to provide an estimated date of completion for its production of documents, and by failing to produce non-exempt records responsive to Sierra Club's FOIA request by the statutory deadlines;

2.    Ordering that DOI immediately produce all responsive, non-exempt records to Sierra Club;

3.    Retaining jurisdiction over this matter to rule on any assertions by DOI that certain records are exempt from disclosure;

4.    Ordering DOI to produce an index identifying any documents or parts thereof that it withholds and the basis for the withholdings, in the event that DOI determines that certain records are exempt from disclosure;

5.      Awarding Sierra Club its costs and reasonable attorneys' fees; and

6.      Granting such other and further relief as the Court deems just and proper.

DATED: June 26, 2025                         By:


                                              /s/ Mark R. Conrad
                                             MARK R. CONRAD
                                             WILLIAM J. COOPER
                                             MADISON BOWER
                                             **CONRAD | METLITZKY | KANE LLP**

                                             NIHAL SHRINATH
                                             **SIERRA CLUB ENVIRONMENTAL LAW
                                             PROGRAM**

                                             *Attorneys for Plaintiff Sierra Club*

# Exhibit A



March 7, 2025

***VIA FOIAXpress***

**U.S. Department of Interior Headquarters**
National Freedom of Information Officer
U.S. Department of the Interior
1849 C Street, N.W.
Washington DC 20240
Phone: (202) 208-3100

Re:    **Freedom of Information Act Request: Department of the Interior Personnel**
       **External Communications**

Dear FOIA Officer:

This is a request under the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA"), from Sierra Club, a nonprofit organization whose purpose is to explore, enjoy and protect the wild places of the earth; to practice and promote the responsible use of the earth's ecosystems and resources; and to educate and enlist humanity to protect and restore the quality of the natural and human environments.

## REQUESTED RECORDS

Sierra Club requests the following records in the possession, custody, or control of the U.S. Department of the Interior ("DOI"), from the time period starting January 20, 2025 up through and including the date that you conduct your search, and the following individuals (hereinafter "DOI Personnel").

1.  Doug Burgum (Secretary of the Interior);
2.  All persons serving in the role(s) of the Secretary's Scheduler, Advance, Aide, or Administrative Assistant;
3.  Walter Cruikshank (Director of the Bureau of Ocean Energy Management)
4.  Scott Cameron (Acting Assistant Secretary – Water and Science);
5.  Bryan Mercier (Acting Assistant Secretary - Indian Affairs);
6.  Charlie Dankert (Acting Assistant Secretary – Policy, Management, and Budget);

1

    7.  Cara Lee Macdonald (Acting Assistant Secretary – Land and Minerals Management);
    8.  Tyler Hassen (DOGE Liaison).

A.  All emails communications between the below list of DOI personnel and any email account ending in the domain names listed in Attachment A;[1]

B.  All text messages or messages on messaging platforms (such as Signal, Slack, GChat or Google Hangouts, Lync, Skype, X (formerly Twitter) direct messages, Facebook messages, WhatsApp, Telegram, or Parler) between the below list of DOI Personnel and any representatives of the entities listed in Attachment A;

C.  All calendars, whether electronic or in paper format, of the DOI Personnel for the above listed time period; and

D.  All emails, texts or other forms of communication that have been deleted which fit the above specifications and which remain recoverable in any way. If fulfilling this specification requires additional time, we would ask that production of documents meeting specifications A&B be given priority and processed separately from any potential responsive records to this specification.

This request includes communications related to DOI that is or was on any system or device, computer, phone, smartphone, tablet, email account, cloud, server or other communication system either **personal or business** that is or was owned **or** operated by the DOI personnel listed above or otherwise established for the purposes of communicating with those individuals. This request includes all emails or other communications from any **personal** account operated by the DOI personnel listed above which have been forwarded into a DOI government email account. This request applies to all email accounts assigned to or operated by the DOI personnel listed above, whether on an official DOI email address or server or not, that relate to official business of DOI. This request applies to so-called "alias" email accounts that may or may not include the name(s) of the DOI personnel in the email address.

The request includes any positions held by the DOI personnel listed above during the time period. The positions are listed in parentheses to assist the FOIA office and are not intended to limit the request.

You may specifically exclude from processing and release any records that are publicly available (e.g., through regulations.gov).

## DUTY TO PRESERVE RECORDS

---

[1] When this request refers to communications "between" various parties, this is intended to include emails or other messages where the DOI individual and Attachment A entities are cc'ed or bcc'ed, even if neither the DOI individual nor the Attachment A entity is the primary recipient or sender. In other words, to perform an adequate search, the agency should search "cc" and "bcc" fields as well as the "to" and "from" fields.

DOI must preserve all the records requested herein while this FOIA is pending or under appeal. 40 C.F.R. § 2.106 ("[r]ecords shall not be disposed of while they are the subject of a pending request, appeal, or lawsuit under the FOIA"); *see Chambers v. U.S. Dep't of Interior*, 568 F.3d 998, 1004 (D.C. Cir. 2009) ("an agency is not shielded from liability if it intentionally transfers or destroys a document after it has been requested under FOIA or the Privacy Act"). Accordingly, please immediately advise custodians of potentially responsive records that the above records have been requested under FOIA and therefore may not be destroyed.

If any of the requested records are destroyed, the agency and responsible officials are subject to attorney fee awards and sanctions, including fines and disciplinary action. A court held the U.S Environmental Protection Agency in contempt for "contumacious conduct" and ordered the agency to pay plaintiff's costs and fees for destroying "potentially responsive material contained on hard drives and email backup tapes." *Landmark Legal Found. v. EPA*, 272 F.Supp.2d 59, 62 (D.D.C. 2003); see also *Judicial Watch, Inc. v. Dep't of Commerce*, 384 F. Supp. 2d 163, 169 (D.D.C. 2005) (awarding attorneys' fees and costs because, among other factors, agency's "initial search was unlawful and egregiously mishandled and …likely responsive documents were destroyed and removed"), *aff'd in relevant part*, 470 F.3d 363, 375 (D.C. Cir. 2006) (remanding in part to recalculate attorney fees assessed). In another case, in addition to imposing a $10,000 fine and awarding attorneys' fees and costs, the court found that an Assistant United States Attorney prematurely "destroyed records responsive to [the] FOIA request while [the FOIA] litigation was pending" and referred him to the Department of Justice's Office of Professional Responsibility. *Jefferson v. Reno*, 123 F. Supp. 2d 1, 6 (D.D.C. 2000).

## **EXEMPT RECORDS**

Should you decide to invoke a FOIA exemption with regard to any of the requested records, please include in your full or partial denial letter sufficient information for the Sierra Club to appeal the denial. To comply with legal requirements, the following information must be included:

1. Basic factual material about each withheld item, including the originator, date, length, general subject matter, and location of each item; and

2. Explanations and justifications for denial, including the identification of the category within the governing statutory provision under which the document (or portion thereof) was withheld and a full explanation of how each exemption fits the withheld material.

If you determine that portions of the records requested are exempt from disclosure, we request that you segregate the exempt portions and deliver the non-exempt portions of such records to my attention at the address below within the statutory time limit. 5 U.S.C. § 552(b).

## **FORMAT OF REQUESTED RECORDS**

Under FOIA, you are obligated to provide records in a readily accessible electronic format and in the format requested. *See, e.g.*, 5 U.S.C. § 552(a)(3)(B)("In making any record available to a person under this paragraph, an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format.").

Please provide all records in an electronic .pdf format that is text-searchable and OCR-formatted. Portfolios and embedded files within files are not readily accessible. Please do not provide the records in a single, or "batched,".PDF file format.

## <u>RECORD DELIVERY</u>

We appreciate a prompt determination on the requested records. As mandated in FOIA, we anticipate a reply within 20 working days. 5 U.S.C. § 552(a)(6)(A)(i); 40 C.F.R. § 2.104. Please email copies of the requested records to the e-mail address below. Please deliver documents that are not available in an electronic format to the physical address below. Failure to comply within the statutory timeframe may result in Sierra Club filing an action before the relevant U.S. District Court to ensure timely receipt of the requested materials.

> *Deliver electronic documents to:*
> Nihal Shrinath
> nihal.shrinath@sierraclub,org
>
> *Deliver other documents to:*
> Nihal Shrinath
> 2101 Webster Street, Suite 1300
> Oakland, CA 94612

Please send documents on a rolling basis. DOI's search for—or deliberations concerning—certain records should not delay the production of others that DOI has already retrieved and elected to produce. *See generally* 40 C.F.R. § 2.104 (describing response deadlines).

## <u>FEE WAIVER REQUEST</u>

I respectfully request that you waive all fees in connection with this request as provided by 5 U.S.C. § 552(a)(4)(A)(iii) and 40 C.F.R. § 2.107(n).[2]

---

[2] With the award-winning Sierra magazine and its extensive use of blogs to communicate with the public, Sierra Club would also be eligible for a fee waiver as a media requestor. 5 U.S.C. § 552(a)(4)(A)(ii); 40 C.F.R. § 2.107(c)(1)(iii); *see also* 40 C.F.R. § 2.107(b)(6) (defining "[r]epresentative of the news media"). A representative of the news media is "any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience." 5 U.S.C. § 552(a)(4)(A)(ii); *see also Elec. Privacy Info. Ctr. v. Dep't of Def.*, 241 F. Supp. 2d 5, 6, 11-15 (D.D.C. 2003) (a "non-profit public interest organization" qualifies as a representative of the news media under FOIA where it publishes books and newsletters on issues of current interest to the public).

Sierra Club is the nation's oldest grassroots organization with more than 1.5 million members and supporters nationwide. Sierra Club has spent years promoting the public interest through the development of policies that protect human health and the environment, and has routinely received fee waivers under FOIA.[3]

FOIA was designed to provide citizens a broad right to access government records. FOIA's basic purpose is to "open agency action to the light of public scrutiny," with a focus on the public's "right to be informed about what their government is up to." *U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 773-74 (1989) (internal quotation and citations omitted). In order to provide public access to this information, FOIA's fee waiver provision requires that "[d]ocuments shall be furnished without any charge or at a [reduced] charge," if the request satisfies the standard. 5 U.S.C. § 552(a)(4)(A)(iii). The 1986 fee waiver amendments were designed specifically to provide non-profit organizations such as Sierra Club access to government records without the payment of fees. *Ettlinger v. FBI*, 596 F. Supp. 867, 872 (D. Mass. 1984) (fee waiver provision intended "to prevent government agencies from using high fees to discourage certain types of requesters and requests," which are "consistently associated with requests from journalists, scholars, and non-profit public interest groups.").

As explained below, this FOIA request satisfies the factors listed in DOI's governing regulations for waiver or reduction of fees, as well as the requirements for a fee waiver under the FOIA statute – that "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii), *see also* 40 C.F.R. § 2.45.

DOI's regulations require that fee waiver requests address and meet each of the following criteria: (1) whether the records "concern the operations or activities of the Federal government;" (2) whether "disclosure is likely to contribute to public understanding of those operations or activities, including (i) how the contents of the records are meaningfully informative; (ii) the logical connection between the content of the records and the operations or activities; and (iii) how disclosure will contribute to the understanding of a reasonably broad audience of [interested] persons;" (iv) the requester's 'identity, vocation, qualifications, and expertise regarding the requested information" and ability to disclose it; (v) the requester's ability and intent to disseminate the information; (3) how disclosure is likely to significantly contribute to the understanding of interested persons, including whether the requested information is new and not already available, or would confirm or clarify data previously released; and (4) how the public's understanding of the subject in question will be significantly enhanced by the disclosure. 43 C.F.R. § 2.48.

---

[3] For example, *see* FOIA Request Reference No. 2024-EPA-05254 (fee letter waiver received July 10, 2024); FOIA Request Reference No. EPA-HQ-2017-008402 (fee letter waiver received June 26, 2017); FOIA Request Reference No. EPA-HQ-2017-008571 & EPA-HQ-2017-008581 (fee letter waiver received June 27, 2017); FOIA Request Reference No. EPA-HQ-2017-008568 (fee letter waiver received June 28, 2017).

Each factor is satisfied here.

1. **The subject matter of the requested records specifically concerns identifiable "operations and activities of the government."**

The requested records relate to the communications of DOI personnel, which reflect the activities and work of these personnel on behalf of the agency. By their definition, these activities are "identifiable operations or activities of the government."

2. **The disclosure of the requested documents would be meaningfully informative and "likely to contribute to an understanding of Federal government operations or activities."**

Disclosure of the requested records will allow Sierra Club to convey information to the public about the communications of the DOI personnel, which will reflect their actions, objectives, and priorities, and specifically how outside parties influence them.

Once the requested documents are made available, Sierra Club will analyze them and present its findings to its members and online activists and the general public in a manner that will meaningfully enhance the public's understanding of how these DOI personnel had been acting and operating. The documents requested will thus be "meaningfully informative" and "likely to contribute" to an understanding of DOI's operations.

The requested records are not otherwise in the public domain and are not accessible other than through a FOIA request. Indeed, the request explicitly excludes those documents already publicly available. Thus, the requested documents provide information that is not already in the public domain and are accordingly likely to meaningfully contribute to public understanding of governmental operations. As discussed further below, the requested records relate to the activities of DOI personnel who have long opposed environmental and public health protections and thus it is of significant public concern as their names are now surfacing in news articles.

3. **The disclosure would contribute to the understanding of the public at large, as opposed to the individual understanding of the requester or a narrow segment of interested persons.**

Sierra Club has longstanding experience and expertise in the subject area of the FOIA requests, including issues related to government accountability and transparency, and the activities that properly fall within the mission of the DOI.

Sierra Club disseminates the information it receives through FOIA requests in a variety of ways, including: analysis and distribution to the media, distribution through publication and mailing, posting on its website, emailing and listserv distribution to our members across the U.S., and via

public meetings and events. Every year the Sierra Club website receives 15 million page views by 6,003,134 users; on average, the site gets 39,474 visits per day. *Sierra* is a quarterly magazine with a printed circulation of approximately 370,000 copies. An additional 60,000 Sierra Club members receive a "tree-free" digital replica edition. Sierra publishes online daily at www.sierramagazine.org and reaches about 150,000 readers a month, most of whom are not Sierra Club members or supporters. Sierra Club Insider, an electronic newsletter, is sent to over 2.2 million people twice a month. In addition, Sierra Club disseminates information obtained by FOIA requests through comments to administrative agencies, and where necessary, through the judicial system.[4]

Sierra Club intends to share the information received from this FOIA request with the general public, our impacted members across the country, the media and our allies who share a common interest in the operations of the DOI.

Sierra Club unquestionably has the "specialized knowledge" and "ability and intention" to disseminate the information requested in the broad manner outlined above, and to do so in a manner that contributes to the understanding of the "public-at-large."

## 4. The disclosure would contribute "significantly" to public understanding of government operations or activities.

As discussed in section (2) above, the records requested will significantly contribute to the public understanding of governmental operations, and activities. Disclosure of these DOI Personnel communications and other interactions with outside parties will significantly enhance the public's understanding of whether these DOI personnel are advancing the stated mission of the DOI or if they are allowing a more narrow set of interests, such as of the fossil fuel industry, greater influence over DOI policies. Many of the these DOI personnel have a history of vigorously opposing environmental protections, and thus their activities – and communications with their former employers, clients, and other political allies – are of significant concern to Sierra Club and its members.

## 5. The requester has no commercial interest that would be furthered by the requested disclosure.[5]

Sierra Club has no commercial interest in the requested records. Nor does it have any intention to use these records in any manner that "furthers a commercial, trade, or profit interest" as those

---

[4] Sierra Club's Freedom of Information Act work has been nationally recognized for its success in exposing corruption and extremism during the first Trump Administration. Former EPA Administrator Scott Pruitt and Chief Air Quality official Bill Wehrum resigned due in part to information exposed through Sierra Club's Freedom of Information requests; https://thehill.com/policy/energy-environment/396000-ex-aide-says-hell-take-credit-for-pruitts-downfall, https://slate.com/technology/2018/07/scott-pruitt-how-the-sierra-club-declared-war-on-the-epa-head-and-won.html, https://www.washingtonpost.com/climate-environment/2019/06/26/epas-top-air-policy-official-steps-down-amid-scrutiny-over-possible-ethics-violations/.

[5] Because Sierra Club has no commercial interest, the Club also satisfies the final factor for a fee waiver, which compares the magnitude of an identified commercial interest to the public interest in disclosure.

terms are commonly understood. Sierra Club is a nonprofit, tax-exempt organization under sections 501(c)(3) and 501(c)(4) of the Internal Revenue Code, and as such has no commercial interest. The requested records will be used for the furtherance of Sierra Club's mission to inform the public on matters of vital importance to the environment and public health.

Sierra Club respectfully requests that DOI waive processing and copying fees pursuant to 5 U.S.C. § 552(a)(4)(A) because the public will be the primary beneficiary of this requested information. In the event that your agency denies a fee waiver, please send a written explanation for the denial. Please do not incur expenses beyond $250 without first contacting our office for explicit authorization.

Thank you for your cooperation. If you find that this request is unclear in any way please do not hesitate to call me to see if I can clarify the request or otherwise expedite and simplify your efforts to comply.

*/s/ Nihal Shrinath*
Nihal Shrinath
Sierra Club Environmental Law Program
2101 Webster Street, Suite 1300
Oakland, CA 94612
nihal.shrinath@sierraclub.org
(415) 977-5566

# Attachment A

**Sierra Club FOIA - Attachment A**

| Organization Name | Organization Domain |
|---|---|
| Alaska Chamber of Commerce | alaskachamber.com |
| Alliance of Automobile Manufacturers | autoalliance.org |
| Alliance Resource Partners LP | arlp.com |
| Alpha Metallurgical Resources | alphanr.com |
| America's Electric Cooperatives | nreca.org |
| American Biomass Energy Association | usabiomass.org |
| American Chemistry Council | americanchemistry.com |
| American Coal Council | americancoalcouncil.org |
| American Coatings Association | paint.org |
| American Exploration & Production Council | axpc.org |
| American Farm Bureau Federation | fb.org |
| American Forest & Paper Association | afandpa.org |
| American Forest Foundation | forestfoundation.org |
| American Fuel & Petrochemical Manufactures | afpm.org |
| American Gas Association | aga.org |
| American Legislative Exchange Council | alec.org |
| American Petroleum Institute | api.org |
| American Public Power Association | publicpower.org |
| American Wood Council | awc.org |
| Americans for Prosperity | afphq.org |
| Americans for Tax Reform | atr.org |
| Arch Resources | archcoal.com |
| Association of Global Automakers | globalautomakers.org |
| Balch & Bingham LLP | balch.com |
| Basin Electric Power Cooperative | basinelectric.com |
| Becker | bplegal.com |
| BGR Group | bgrdc.com |
| BNSF Railway | bnsf.com |
| Bockorny Group | bockornygroup.com |
| Boring Company | boringcompany.com |
| Boulder Rifle Club | boulderrifleclub.com |
| BP | bp.com |

## Sierra Club FOIA - Attachment A

| | |
|---|---|
| Bracewell | bracewell.com |
| Breitbart News | breitbart.com |
| Cato Institute | cato.org |
| CGCN Group | cgcn.com |
| Chemours | chemours.com |
| Chevron | chevron.com |
| City Utilities | cityutilities.net |
| Clean Fuels Alliance America | biodiesel.org |
| Clear Path | clearpath.org |
| Colorado Farm Bureau Federation | coloradofarmbureau.com |
| Colorado Mining Association | coloradomining.org |
| Colorado Petroleum Council | coloradopetroleumassociation.com |
| Colorado Union of Taxpayers Foundation | coloradotaxpayer.org |
| Competitive Enterprise Institute | cei.org |
| ConocoPhillips | conocophillips.com |
| Conservative Political Action Conference | cpac.org |
| Consolidated Edison | coned.com |
| Continental Resources | clr.com |
| Corn Refiners Association | corn.org |
| Cornea Inc | cornea.is |
| CropLife America | croplifeamerica.org |
| Crowell | crowell.com |
| Domestic Energy Producers Alliance | depausa.org |
| Dominion | dominionenergy.com |
| Dow | dow.com; dowcorning.com |
| Duke Energy | duke-energy.com |
| Dupont | dupont.com |
| Edison Electric Institute | eei.org |
| EMX Royalty | emxroyalty.com |
| Enbridge | enbridge.com |
| Energy Transfer Partners | energytransfer.com |
| EPRI | epri.com |
| Equitrans Midstream Corp | equitransmidstream.com |
| Exxon Mobil | exxonmobil.com |

## Sierra Club FOIA - Attachment A

| | |
|---|---|
| Faegre Drinker Biddle & Reath LLP | faegrebd.com |
| Family Research Council | frc.org |
| Ford | ford.com |
| Fox Business | foxbusiness.com |
| Fox News | foxnews.com |
| Fox TV | foxtv.com |
| Fox23 News | fox23.com |
| Fox61 News | fox61.com |
| Free Beacon | freebeacon.com |
| Gavin Power | gavinpower.com |
| George Mason University, Mercatus Center | mercatus.gmu.edu |
| Gibson Dunn | gibsondunn.com |
| GM | gm.com |
| Hess | hess.com |
| Holland & Knight | hklaw.com |
| Hunton Andrews Kurth | hunton.com |
| IADC | iadc.org |
| Idaho Cattle Association | idahocattle.org |
| Idaho Farm Bureau Federation | idahofb.org |
| Independent Petroleum Association of America | ipaa.org |
| Kinder Morgan | kindermorgan.com |
| Koch | kochinc.com; kochps.com |
| Lower Colorado River Authority | lcra.org |
| Louisville Gas & Electric/Kentucky Utilities | lge-ku.com |
| Liberty Energy | libertyenergy.com |
| Lignite Energy Council | lignite.com |
| Manhattan Institute | manhattan-institute.org |
| Marathon Oil | marathonoil.com |
| Marathon Petroleum | marathonpetroleum.com |
| McGuireWoods | mcguirewoods.com |
| Moncrief Oil | moncrefoil.com |
| Monsanto | monsanto.com |
| Montana Farm Bureau Federation | mfbf.org |

## Sierra Club FOIA - Attachment A

| | |
|---|---|
| Morgan Lewis | morganlewis.com |
| National Alliance of Forest Owners | nafoalliance.org |
| National Association of Home Builders | nahb.org |
| National Black Chamber of Commerce | nationalbcc.org |
| National ESA Reform Coalition | nesarc.org |
| National Mining Association | nma.org |
| National Petroleum Council | npc.org |
| National Pork Producers Council | nppc.org |
| National Rifle Association | nra.org; nrahq.org |
| National Wood Products | nationalwood.com |
| Neuralink Corporation | neuralink.com |
| NextEra | nexteraenergy.com |
| North Dakota Petroleum Council | ndoil.org |
| NTK News | ntknetwork.com |
| Ohio Valley Electric Corporation/Indiana-Kentucky Electric Corporation | ovec.com |
| Oklo Inc. | oklo.com |
| Peabody Energy | peabodyenergy.com |
| Pebble | pebblepartnership.com |
| Portland Cement Association | cement.org |
| Property Rights Foundation of America | influencewatch.org |
| Renewable Fuels Association | ethanolrfa.org |
| Republican Attorneys General | republicanags.com |
| Republican Governors Association | rga.org |
| Republican National Committee | gop.com; action.gop.com |
| Rothe Development, Inc. | rothe.com |
| Rule of Law Defense Fund | ruleoflawdefensefund.org |
| Safari Club International | safariclub.org |
| Shell | shell.com |
| Sidley | sidley.com |
| Sila Nanotechnologies | silanano.com |
| South Dakota Cattlemen's Association | sdcattlemen.org |
| South Dakota Farm Bureau Federation | sdfbf.org |

**Sierra Club FOIA - Attachment A**

| | |
|---|---|
| Southern Illinois Power Cooperative | sipower.org |
| SpaceX | spacex.com |
| Starlink | starlink.com |
| State Policy Network | spn.org |
| Statoil | statoil.com |
| Steamboat Institute | steamboatinstitute.org |
| Steptoe & Johnson PLLC | steptoe-johnson.com |
| TABOR Foundation | thetaborfoundation.org |
| Talen Energy | talenenergy.com |
| Tea Party Patriots Action | teapartypatriots.org |
| Tesla | tesla.com |
| Texas Government | State.tx.us |
| Texas Office of the Attorney General | texasattorneygeneral.gov |
| Texas Oil & Gas Association | txoga.org |
| Texas Public Policy Foundation | texaspolicy.com |
| The American Exploration & Mining Association | miningamerica.org |
| The Coalition for Renewable Natural Gas | rngcoalition.com |
| The Federalist Society | fedsoc.org; fed-soc.org |
| The Heartland Institute | heartland.org |
| The Heritage Foundation | heritage.org |
| Toyota | toyota.com |
| Twitter/X | twitter.com; x.com |
| TransCanada | transcanada.com; tcenergy.com |
| U.S. Chamber of Commerce | uschamber.com |
| U.S. House of Representatives | house.gov |
| U.S. Senate | senate.gov |
| Utah Farm Bureau Federation | utahfarmbureau.org |
| Venable LLP | venable.com |
| Vistra Corp | vistracorp.com |
| Washington Examiner | washingtonexaminer.com |
| West Virginia Coal Association | wvcoal.com |
| Western Caucus Foundation | westerncaucusfoundation.org |
| Western Governors Association | westgov.org |

**Sierra Club FOIA - Attachment A**

| | |
|---|---|
| Western Growers Advocacy | wga.com |
| Wyoming Farm Bureau Federation | wyfb.org |
| Wyoming Wool Growers Association | wyowool.com |
| xAI | xai.com |

# Exhibit B

| | |
|---|---|
| **From:** | Leah Bahramipour |
| **To:** | Nihal Shrinath |
| **Subject:** | Fwd: FOIA Request Acknowledgment - DOI-2025-004517 |
| **Date:** | Wednesday, March 12, 2025 1:39:43 PM |
| **Attachments:** | 25-004517_Ack.pdf |

Hi Nihal,

This is an update on our DOI FOIA request. As noted in the request, I'll submit the same request to the Assistant Secretary – Indian Affairs (ASIA) and the Bureau of Ocean Energy Management (BOEM) today or tomorrow.

---------- Forwarded message ---------
From: **OS, OS FOIA** <osfoia@ios.doi.gov>
Date: Wed, Mar 12, 2025 at 12:16 PM
Subject: FOIA Request Acknowledgment - DOI-2025-004517
To: leah.bahramipour@sierraclub.org <leah.bahramipour@sierraclub.org>


Dear Leah Bahramipour,

Please find attached an acknowledgment letter for FOIA request DOI-2025-004517.

Do not hesitate to contact us with any questions.


Department of the Interior
Office of the Secretary, FOIA Office
1849 C Street, NW, MS-7328
Washington, D.C. 20240
os_foia@ios.doi.gov


--



**Leah Bahramipour** (she/her)
Research Analyst
Environmental Law Program
2101 Webster Street, Suite 1300
Oakland, CA 94612
Phone: (415) 977-5649

CONFIDENTIAL LEGAL COMMUNICATION/WORK PRODUCT
This e-mail may contain privileged and confidential attorney-client communications and/or confidential attorney work product. If you receive this e-mail inadvertently, please reply and notify the sender and delete all versions on your system. Thank you.



**United States Department of the Interior**
OFFICE OF THE SECRETARY
Washington, DC 20240

March 12, 2025

Via Electronic Mail: leah.bahramipour@sierraclub.org

Leah Bahramipour
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612

RE: Freedom of Information Act (FOIA) Request No. DOI-2025-004517

Dear Leah Bahramipour**:**

The Office of the Secretary (OS) FOIA Office received your FOIA request, dated March 7, 2025, on March 10, 2025 and assigned it control number DOI-2025-004517.  Please cite this number in any future communications with our office regarding your request.

### <u>Description of the Requested Records</u>

You requested:

"Sierra Club requests the following records in the possession, custody, or control of the U.S. Department of the Interior ("DOI"), from the time period starting January 20, 2025 up through and including the date that you conduct your search, and the following individuals (hereinafter "DOI Personnel").

1. Doug Burgum (Secretary of the Interior);
2. All persons serving in the role(s) of the Secretary's Scheduler, Advance, Aide,or Administrative Assistant;
3. Walter Cruikshank (Director of the Bureau of Ocean Energy Management)
4. Scott Cameron (Acting Assistant Secretary – Water and Science);
5. Bryan Mercier (Acting Assistant Secretary - Indian Affairs);
6. Charlie Dankert (Acting Assistant Secretary – Policy, Management, andBudget);
7. Cara Lee Macdonald (Acting Assistant Secretary – Land and Minerals Management);
8. Tyler Hassen (DOGE Liaison).

A. All emails communications between the below list of DOI personnel and any email account ending in the domain names listed in Attachment A;
B. All text messages or messages on messaging platforms (such as Signal, Slack, GChat or Google Hangouts, Lync, Skype, X (formerly Twitter) direct messages, Facebook messages, WhatsApp, Telegram, or Parler) between the below list of DOI Personnel and

1

any representatives of the entities listed in Attachment A;

C. All calendars, whether electronic or in paper format, of the DOI Personnel for the above listed time period; and

D. All emails, texts or other forms of communication that have been

deleted which fit the above specifications and which remain recoverable in any way. If fulfilling this specification requires additional time, we would ask that production of documents meeting specifications A&B be given priority and processed separately from any potential responsive records to this specification."

## Fee Category

We classified you as an "other-use" requester.  As such, we may charge you for some of our search and duplication costs, but we will not charge you for our review costs; you are also entitled to up to 2 hours of search time and 100 pages of photocopies (or an equivalent volume) for free.  *See* 43 C.F.R. § 2.39.  If, after taking into consideration your fee category entitlements, our processing costs are less than $50.00, we will not bill you because the cost of collection would be greater than the fee collected.  *See* 43 C.F.R. § 2.37(g).

## Fee Waiver

You asked us to waive the fees for processing your request.  Our FOIA regulations state that bureaus will waive, or partially waive, fees if disclosure of all or part of the information is:

   (1) In the public interest because it is likely to contribute significantly to public understanding of government operations or activities, and

   (2) Not primarily in your commercial interest.

*See* 43 C.F.R. § 2.45(a).  Our FOIA regulations also provide specific criteria that are used to determine whether these two requirements are met.  *See* 43 C.F.R. § 2.48.  We determined that your request adequately addresses these criteria, so your request for a fee waiver is granted.

## Processing Schedule

We use Multitrack Processing to process FOIA requests.  Your request falls into the "Complex" processing track for requests that would generally take twenty-one to sixty workdays to process. Within each track, requests are usually processed on a first-in, first-out basis.  You may narrow the scope of your request to obtain quicker processing in your currently-assigned track or move the request into a different track which may have the effect of reducing the cost of processing your request and having it processed more quickly.

**Extension—Ten Workdays**

Because we will need to search for and collect requested records from field facilities or other units that are separate from the office processing the request, we are taking a 10-workday extension under *43 C.F.R. § 2.19*.

You can expect to hear from us promptly regarding the outcome of this search.

**Redirect**

The records you are seeking for Bryan Mercier may be maintained by the Assistant Secretary – Indian Affairs (ASIA) and the records you are seeking for Walter Cruikshank may be maintained by the Bureau of Ocean Energy Management (BOEM). You may wish to submit a FOIA request to them, and may do so directly at:

ASIA
Justin Davis; MS-4660; 1849 C Street, NW; Washington, DC 20240
Phone: (202) 513-7707
Fax: (202) 208-5320
E-Mail: as-ia_foia@bia.gov

BOEM
Ashley Rychak; 45600 Woodland Road; Sterling, VA 20166
Phone: (703) 787-1204
Fax: (703) 787-1209
E-Mail: BOEMFOIA@boem.gov

You may also submit a FOIA via FOIAxpress at: https://foiaxpresspal.doi.gov/app/Home.aspx

**Mediation Services**

The 2007 FOIA amendments created the Office of Government Information Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. You may contact OGIS in any of the following ways:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road – OGIS
College Park, MD 20740-6001

Email: ogis@nara.gov
Web: https://www.archives.gov/ogis
Telephone: (202) 741-5770
Toll-free: (877) 684-6448

Please note that using OGIS services does not affect the timing of filing an appeal with the Department's FOIA & Privacy Act Appeals Officer.

Contact information for the Department's FOIA Public Liaison, who you may also seek dispute resolution services from, is available at *https://www.doi.gov/foia/foiacenters*.

### Conclusion

If you have any questions about this letter, you may contact me by email at os_foia@ios.doi.gov, or by mail at U.S. Department of the Interior, 1849 C Street, NW, MS-7328, Washington, D.C. 20240.  Additionally, contact information for the Department's FOIA Requester Centers and FOIA Public Liaison is available at *https://www.doi.gov/foia/foiacenters.*

Sincerely,

Sabrina Conway
Deputy FOIA Officer
Office of the Secretary
FOIA Office